IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUROFINSA S.A.,<br>Paseo de la Castellana 91<br>28046 Madrid, Spain<br><br>      Petitioner,<br><br> v.<br><br>THE GABONESE REPUBLIC,<br>Rue Jean Remy AYOUNE sise à Batterie IV<br>Bord de Mer, BP 2245, Libreville, Gabon<br><br>      Respondent. | Civil Action No. _____ |

**PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRAL AWARD**

 /s/Daniel Pulecio-Boek
Daniel Pulecio-Boek
DCD Bar No. 1500514
Michael A. Pusateri
DCD Bar No. 1005463
GREENBERG TRAURIG, LLP
2101 L Street, N.W.
Suite 1000
Washington, D.C. 20037
202.331.3117/202.331/0106
pulecioboekd@gtlaw.com
pusaterim@gtlaw.com

B. CREMADES & ASOCIADOS, S.L.
(*pro hac vice pending*)
Calle Goya 18, 2d Floor
28001 Madrid, Spain

*Attorneys for Eurofinsa S.A.*

i

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND ........................................................................................................2

ARGUMENT ..................................................................................................................................5

    I.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT .....................................5

        A.    This Court Has Subject Matter Jurisdiction ................................................................5

        B.    This Court Has Personal Jurisdiction ..........................................................................7

        C.    Venue is Proper ............................................................................................................8

    II.    THE NEW YORK CONVENTION REQUIRES CONFIRMATION OF THE FINAL AWARD ...........................................................................................................................8

        A.    9 U.S.C. § 207 Requires Confirmation of the Final Award ..............................................8

        B.    There Is No Basis to Refuse Recognition and Enforcement of the Final Award ..............10

CONCLUSION ............................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Africard Co. v. Republic of Niger*,
    210 F. Supp. 3d 119 (D.D.C. 2016)……………………………………………... 6, 7

*Argentine Republic v. Nat'l Grid PLC*,
    637 F.3d 365 (D.C. Cir. 2011)…………………………………………………... 9

*Balkan Energy Ltd. v. Republic of Ghana*,
    302 F. Supp. 3d 144 (D.D.C. 2018)…………………………………………….. 6, 8

*BCB Holdings Ltd. v. Gov't of Belize*,
    110 F. Supp. 3d 233 (D.D.C. 2015)…………………………………………….. 9

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
    668 F.3d 724 (D.C. Cir. 2012)…………………………………………………... 8, 11

*Creighton Ltd. v. Gov't of the State of Qatar*,
    181 F.3d 118 (D.C. Cir. 1999)…………………………………………………... 6

*Customs & Tax Consultancy LLC v. Democratic Republic of the Congo*,
    2019 WL 4602143 (D.D.C. Sept. 23, 2019)…………………………………….. 6

*Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*,
    763 F. Supp. 2d 12 (D.D.C. 2011)……………………………………………… 9

*Mediso Med. Equip. Developing Servs. v. Bioscan, Inc.*,
    75 F. Supp. 3d 359 (D.D.C. 2014)……………………………………………............. 9

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985)……………………………………………………............. 8, 11

*Practical Concepts, Inc. v. Republic of Bolivia*,
    811 F.2d 1543 (D.C. Cir. 1987)………………………………………………… 7

*Scherk v. Alberto-Culver Co.*,
    417 U.S. 506 (1974)……………………………………………………............. 8

*TermoRio S.A. E.S.P v. Elactranta S.P.*,
    487 F.3d 928 (D.C. Cir. 2007)…………………………………………………... 8

*TMR Energy Ltd. V. State Prop. Fund of Ukraine*,
    411 F.3d 296 (D.C. Cir. 2005)…………………………………………………... 6

**Statutes**

9 U.S.C. § 202……………………………………………………………………... 6

9 U.S.C. § 203……………………………………………………………………... 5

9 U.S.C. § 207…………………………………………………………………….. *passim*

28 U.S.C. § 1330………………………………………………………………….. 5, 7

28 U.S.C. § 1391…………………………………………………………………... 5, 7

28 U.S.C. § 1603………………………………………………………………….. 5, 6

28 U.S.C. § 1605………………………………………………………………….. 6, 7

28 U.S.C. § 1608………………………………………………………………….. 7

21 U.S.T. 2517 (New York Convention)………………………………………….. *passim*

Petitioner *Eurofinsa S.A.* ("**Eurofinsa**" or "**Petitioner**"), in liquidation, submits this memorandum of law in support of its Petition to Recognize and Enforce Foreign Arbitral Award under 9 U.S.C. § 207 of the Federal Arbitration Act (the "**FAA**") and Article III of the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (the "**New York Convention**"), and for entry of judgment thereon.

## PRELIMINARY STATEMENT

On June 4, 2009, CCL Peninsular, S.A. (succeeded by Eurofinsa) contracted with Respondent the Gabonese Republic ("**Gabon**" or "**Respondent**") (collectively, the "**Parties**") to undertake the rehabilitation of the President Omar Bongo Ondimba Multi-Purpose Stadium in Libreville (the "**Initial Contract**"). Subsequently, the Initial Contract was amended on 22 April, 2015 (the "**Supplementary Contract**") (collectively, the "**Contracts**").

On November 24, 2016, Eurofinsa notified Gabon of its decision to suspend its obligations under the Contracts due to serious breaches by Gabon in fulfilling its contractual obligations. Thereafter, on March 17, 2017, Eurofinsa notified Gabon of the termination of the Contracts.

Pursuant to the dispute resolution clause in the Contracts, Eurofinsa initiated an arbitration against Gabon under the Arbitration Rules of the International Chamber of Commerce Court of Arbitration ("**ICC**") captioned *Eurofinsa S.A. v. La République Gabonaise*, ICC Case No. 22899/DDA (the "**Arbitration**").

On October 15, 2020, an arbitral tribunal duly constituted by the ICC (the "**Tribunal**") issued a final award in the Arbitration (the "**Final Award**"), ordering Gabon to pay Eurofinsa certain sums plus interest at the rates set in the dispositive section. Gabon has refused to pay the amounts due under the Final Award. Therefore, Eurofinsa now seeks to recognize and enforce the Final Award as provided for by the New York Convention and the FAA.

1

## FACTUAL BACKGROUND

1. Petitioner Eurofinsa is a limited liability company (*sociedad anónima*), in liquidation, organized under the laws of Spain. Eurofinsa specialized in the development of infrastructure projects around the world. Declaration of Mauricio Toledano in Support of Petition to Recognize and Enforce Foreign Arbitral Award ("Toledano Decl.") at ¶ 4.

2. On June 4, 2009, CCL Peninsular, S.A. (succeeded by Eurofinsa) – as contractor – and Gabon – as project owner – entered into the Initial Contract to undertake the rehabilitation of the President Omar Bongo Ondimba Multi-Purpose Stadium in Libreville. Later, on April 22, 2015, the Supplementary Contract was made to amend the Initial Contract. *Id*., at ¶ 6.

3. On November 24, 2016, Eurofinsa informed Gabon of its decision to suspend its performance under the Contracts as a result of Gabon's breaches in fulfilling its contractual obligations. Subsequently, on March 17, 2017, Eurofinsa notified Gabon of the termination of the Contracts. *Id*., at ¶ 7.

4. Pursuant to Article 61 of the Supplementary Contract, disputes were subject to binding arbitration in Paris, France, in accordance with the Arbitration Rules of the ICC (the "**Arbitration Agreement**"). Article 61 of the Supplementary Contract reads:

> The Parties shall do their best to settle amicably any disputes that may arise from the performance of this Contract or the interpretation thereof.
>
> In the event that any such dispute is not settled amicably within sixty (60) days of written notice sent by one of the Parties to the other Party mentioning the existence of this dispute, then the latter must be submitted to arbitration in Paris, in accordance with the rules of Conciliation and Arbitration of the International Chamber of Commerce of Paris, by three (3) arbitrators appointed in accordance with said rules.
>
> The arbitration shall be conducted in French.
>
> The arbitrators shall be required to submit their written decision to the Parties within 45 days of the date of the referral.

> By accepting the above arbitration clause, each of the Parties irrevocably waives the right to appeal or request a review of the award to be made. However, the Parties may refer the matter to any court in order to obtain enforcement of the arbitral award.
>
> Pending submission to the arbitral tribunal and then until the latter makes its decision, the Parties shall negotiate in good faith the measures to be put into place to ensure the integrity of the structures.

*Id.*, at ¶ 8.

5.  Due to the Parties' inability to reach an amicable resolution, Eurofinsa invoked the Arbitration Agreement and filed its Request for Arbitration against Gabon on June 21, 2017 with the ICC. Gabon filed its Answer on September 18, 2017. *Id.*, at ¶ 9.

6.  Both Eurofinsa and Gabon nominated arbitrators who served on the Tribunal. Moreover, on November 15, 2017, the ICC confirmed the appointment of the President of the Tribunal upon the joint nomination of the two co-arbitrators. *Id.*, at ¶ 10.

7.  Eurofinsa and Gabon each appeared and participated in the Arbitration with the assistance of counsel. The Parties submitted extensive pre-hearing briefs and exhibits, and the Tribunal held three days of hearings in February 2020. Additionally, Eurofinsa and Gabon submitted two post-hearing briefs each. *Id.*, at ¶ 11.

8.  The Tribunal rendered the Final Award in the Arbitration on October 15, 2020. The determination of the Tribunal, set out in paragraph 924 of the dispositive section of the Final Award, provides:

> On the basis of the preceding grounds the Tribunal:
>
> i.  Decides, with regard to the law applicable to this dispute, that:
>     - The Supplementary Contract is subject to Gabonese law and, on a subsidiary basis, to French law;
>     - The Supplementary Contract is a public works contract, of an administrative nature, subject to the rules of the Gabonese Public Procurement Code as regards everything that is not contrary to its own

3

        provisions;
- The Initial Contract remains subject to Spanish law.

ii. Decides that the Claimant's application claim is admissible;

iii. Orders the judicial rescission of the Contract, taking effect as from 17 March 2017;

iv. Orders the Respondent to pay the Claimant the sum of €11,234,374 in respect of unpaid Provisional Statements; with the payment of each Provisional Statement accruing interest at the rate of 3.66% which applies as from the following dates, and until full payment:
- For Provisional Statement no. 8 ½, as from 9 September 2016;
- For Provisional Statement no. 9, as from 21 December 2016;
- For Provisional Statement no. 10, as from 28 April 2017.

v. Orders the Respondent to pay the Claimant the sum of €70,336 in respect of additional costs of the site, plus interest at the rate of 3.66% as from the date of the award until full payment;

vi. Orders the Respondent to pay the Claimant the sum of €720,263.21 in respect of lost profits, plus interest at the rate of 3.66% as from the date of the award until full payment;

vii. Orders the Claimant to pay the Respondent the sum of €437,400 for non-conformities that were not resolved;

viii. Orders the Claimant to pay the Respondent interest on this sum at the 6-month LIBOR rate + 2%, capitalised every six months, from the date of notification of the Award and until full payment;

ix. Decides that the Respondent shall pay the Claimant the sum of USD 120,000 in respect of the ICC arbitration costs incurred by it in connection with these arbitration proceedings;

x. Decides that the Respondent must pay the Claimant the sum of €189,131 in respect of the costs and fees that it has incurred in connection with these arbitration proceedings;

xi. Rejects all other claims by the Parties.

*Id.*, at ¶ 12.

9. None of the parties to the Arbitration have challenged the Final Award. *Id.*, at ¶ 13.

10. On September 27, 2023, Eurofinsa sent Gabon a letter demanding full and prompt payment of all amounts owed pursuant to the Final Award. Gabon has not paid Eurofinsa any portion of the Final Award and has not expressed any intention to do so. *Id.*, at ¶ 14.

## ARGUMENT

11. This Court is required to recognize and enforce the Final Award because (i) this Court is vested with proper jurisdiction and venue over the dispute; and (ii) 9 U.S.C. § 207 and Article III of the New York Convention require recognition and enforcement of the Final Award.

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

12. As set forth below, this Court has: (i) subject matter jurisdiction as to this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1330(a); (ii) personal jurisdiction over Gabon pursuant to 28 U.S.C. § 1330(b); and (iii) venue over the dispute pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1391(f)(4).

#### A. This Court Has Subject Matter Jurisdiction

13. This Court is vested with subject matter jurisdiction to confirm a foreign arbitral award against Gabon under two independent statutes.

14. First, 9 U.S.C. § 203 provides that "[t]he district courts of the United States . . . shall have original jurisdiction over [an action falling under the New York Convention] regardless of the amount in controversy." 9 U.S.C. § 203.

15. Second, 28 U.S.C. § 1330(a) provides:

> The district court shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity either under section 1605-1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330(a).

16. Gabon is a foreign state within the meaning of 28 U.S.C. § 1603(a) of the Foreign Sovereign Immunities Act of 1976 (the "**FSIA**") and, for the reasons discussed below, is not entitled to immunity under either 28 U.S.C. § 1605-1607 or any applicable international agreement.

17. Pursuant to 28 U.S.C. § 1605(a)(6), a foreign state is not entitled to immunity where an action is brought "to confirm an award made pursuant to . . . an agreement to arbitrate, if . . . the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral award." 28 U.S.C. § 1605(a)(6). It is well settled that the New York Convention is a treaty within the meaning of 28 U.S.C. § 1605(a)(6). *See e.g.*, *TMR Energy Ltd. V. State Prop. Fund of Ukraine*, 411 F.3d 296, 299 (D.C. Cir. 2005) (finding that respondent was not immune because the action was to confirm an arbitration award under the New York Convention); *Creighton Ltd. v. Gov't of the State of Qatar*, 181 F.3d 118, 123-24 (D.C. Cir. 1999) ("The New York Convention is exactly the sort of treaty Congress intended to include in the arbitration exception."); *Balkan Energy Ltd. v. Republic of Ghana*, 302 F. Supp. 3d 144, 151 (D.D.C. 2018), appeal dismissed, No. 18-7061, 2018 WL 5115572 (D.C. Cir. Oct. 12, 2018) ("This arbitration exception 'by its terms' applies to actions to confirm arbitration awards under the New York Convention.").

18. An arbitration award falls under the New York Convention when: "(1) there is a written agreement; (2) the writing provides for arbitration in the territory of a signatory of the convention; (3) the subject matter is commercial; and (4) the subject matter is not entirely domestic in scope." *Customs & Tax Consultancy LLC v. Democratic Republic of the Congo*, 2019 WL 4602143, at *3 (D.D.C. Sept. 23, 2019) (citing *Africard Co. v. Republic of Niger*, 210 F. Supp. 3d 119, 123 (D.D.C. 2016)). *See also* 9 U.S.C. § 202.

19. Here, the Final Award meets all of the criteria of a New York Convention award: (i) the Contracts are agreements in writing; (ii) the Contracts provide for the arbitration of all disputes thereunder in Paris, France, a signatory of the New York Convention;[1] (iii) the Contracts reflect a "commercial" legal relationship, namely, the rehabilitation of the President Omar Bongo Ondimba Multi-Purpose Stadium in Libreville, Gabon, by a commercial contractor; and (iv) the subject matter of the Final Award is not entirely domestic in scope as it concerns a dispute between two parties who are not American citizens over a contract performed outside the United States. Because the Final Award is governed by the New York Convention, Gabon is therefore not entitled to immunity under § 1605(a)(6) of the FSIA.

### B. This Court Has Personal Jurisdiction

20. 28 U.S.C. § 1330(b) provides personal jurisdiction over a foreign state where (i) the district court has jurisdiction under 28 U.S.C. § 1330(a) and (ii) service has been made pursuant to 28 U.S.C. § 1608. *See TMR Energy*, 411 F.3d at 299 (citing *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1549 n.11 (D.C. Cir. 1987) ("subject matter jurisdiction plus service of process equal personal jurisdiction"); *see also Africard Co.*, 210 F. Supp. 3d 119, 123 (citing *Practical Concepts, Inc.*, 811 F.2d at 1549 n.11). Both requirements are met here.

21. First, for the reasons set forth in Section I.A above, this Court has subject matter jurisdiction under 28 U.S.C. § 1330(a) and Gabon does not have immunity from such jurisdiction under 28 U.S.C. § 1605(a).

22. Second, service on Gabon is being made in accordance with 28 U.S.C. § 1608.

---

[1] *Contracting States*, NEW YORK ARBITRATION CONVENTION, https://www.newyorkconvention.org/countries (last visited Oct. 2, 2023).

### C. Venue is Proper

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391(f)(4), which provides that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

## II. THE NEW YORK CONVENTION REQUIRES CONFIRMATION OF THE FINAL AWARD

24. 9 U.S.C. § 207 requires confirmation of the Final Award pursuant to the New York Convention absent proof by Gabon that one of the narrow exceptions under Article V of the New York Convention applies.

### A. 9 U.S.C. § 207 Requires Confirmation of the Final Award

25. 9 U.S.C. § 207 provides that "[t]he court <u>shall</u> confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention." 9 U.S.C. § 207 (emphasis added); *see also TermoRio S.A. E.S.P v. Elactranta S.P.*, 487 F.3d 928, 935 (D.C. Cir. 2007); *Balkan Energy*, 302 F. Supp 3d at 157 ("the New York Convention . . . sets forth the only grounds available for setting aside an arbitral award"); *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012). As the United States is a signatory of the New York Convention, this Court is therefore required by treaty to recognize and enforce arbitral awards rendered in other signatory countries, subject to a few limited exceptions. *See* New York Convention, Art. V. "Consistent with the emphatic federal policy in favor of arbitral dispute resolution recognized by the Supreme Court as applying with special force in the field of international commerce, the FAA affords the district court little discretion in refusing or deferring enforcement of foreign arbitral awards[.]" *Belize Soc. Dev. Ltd.*, 668 F.3d at 727 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)) (citations and internal quotations omitted).

8

26. The U.S. Supreme Court has recognized that the United States, in becoming a party to the New York Convention, adopted a pro-enforcement policy towards New York Convention arbitral awards, and that those awards have a presumption of validity and enforcement. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). Indeed, the party challenging confirmation has the burden of proving that there is a legitimate reason for non-recognition. *TMR Energy*, 411 F.3d at 304 (the New York Convention "enumerates a few reasons for which a court may refuse to enforce an arbitration award and assigns the burden of persuasion to the party opposing enforcement"); *see also Mediso Med. Equip. Developing Servs. v. Bioscan, Inc.*, 75 F. Supp. 3d 359, 363-64 (D.D.C. 2014); *Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 19-20 (D.D.C. 2011).

27. Moreover, the review of an arbitration award under the New York Convention is a "summary proceeding" that strongly favors enforcement. *See, e.g.*, *Argentine Republic v. Nat'l Grid PLC*, 637 F.3d 365, 369 (D.C. Cir. 2011) ("Confirmation proceedings under the Convention are summary in nature, and the court must grant the confirmation unless it finds that the arbitration suffers from one of the defects listed in the Convention"); *BCB Holdings Ltd. v. Gov't of Belize*, 110 F. Supp. 3d 233, 247 (D.D.C. 2015) *aff'd*, 650 F. App'x 17 (D.C. Cir. 2016), and enforcement granted, 232 F. Supp. 3d 28 (D.D.C. 2017) ("confirmation proceedings are generally summary in nature") (citing *Int'l Trading & Indus. Inv. Co.*, 763 F. Supp. 2d at 20).

28. This action is also timely pursuant to 9 U.S.C. § 207 because it is brought within three years of the date of the Final Award. Therefore, absent proof that one of the narrow exceptions to recognition and enforcement under the New York Convention exists, the Court must confirm the Final Award.

**B. There Is No Basis to Refuse Recognition and Enforcement of the Final Award**

29. Under Article V(1) of the New York Convention, "[r]ecognition and enforcement of the award may be refused . . . only if" one of the following exceptions to enforcement can be proved by the party resisting enforcement:

> a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
> e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

*See* New York Convention, Art. V(1)(a)-(e).

30. None of the enumerated exceptions in Article V(1) apply in this case.

31. Recognition and enforcement of an arbitral award may also be refused under Article V(2) of the New York Convention if the competent authority in the country where recognition and enforcement is sought finds that: "(a) [t]he subject matter of the difference is not capable of settlement by arbitration under the law of that country; or (b) [t]he recognition or enforcement of the award would be contrary to the public policy of that country." New York Convention, Art. V(2).

10

32. Here, there is no basis under U.S. law to contend that a simple commercial dispute – such as the one before this Court – is not capable of settlement by arbitration. Nor is there any basis under U.S. law to contend that the recognition and enforcement of an arbitration award resolving a simple commercial dispute is contrary to U.S. public policy. To the contrary, the Supreme Court has recognized that there is a strong federal policy in favor of arbitral dispute resolution that applies with special force in the field of international commerce. *Belize Soc. Dev. Ltd.*, 668 F.3d at 727 (citing *Mitsubishi Motors Corp.*, 473 U.S. at 631).

33. The Court is therefore required by 9 U.S.C. § 207 to enforce the Final Award and to enter judgment thereon.

## CONCLUSION

33. For the foregoing reasons, Petitioner respectfully requests that the Court: (a) enter an order recognizing and enforcing the Final Award against Gabon; (b) enter a judgment in favor of Eurofinsa and against Gabon in the amount of the Final Award with the interest and costs as provided therein; (c) enter a judgment in favor of Eurofinsa and against Gabon for the costs of this proceeding, including attorney fees, plus interest; and (d) award Eurofinsa such other and further remedies as the Court deems just and proper.

Dated: October 11, 2023 Respectfully submitted,

*/s/ Daniel Pulecio-Boek*
Daniel Pulecio-Boek
DCD Bar No. 1500514
Michael A. Pusateri
DCD Bar No. 1005463
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
T: 202.331.3117
pulecioboekd@gtlaw.com
pusaterim@gtlaw.com

Bernardo M. Cremades Román (*pro hac vice pending*)
Patrick T. Byrne (*pro hac vice pending*)
B. CREMADES & ASOCIADOS
Goya 18, 2d Floor
28001 Madrid, Spain
T: +34 914 237 200
bcr@bcremades.com
p.byrne@bcremades.com

*Attorneys for Eurofinsa S.A.*