UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| EUROFINSA, S.A., | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 23-3013 (RC) |
| | : | | |
| v. | : | Re Document No.: | 33 |
| | : | | |
| THE GABONESE REPUBLIC, | : | | |
| | : | | |
| Respondent. | : | | |

### MEMORANDUM OPINION

GRANTING PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C)

### I. INTRODUCTION

This action arises out of international arbitration proceedings between Eurofinsa, S.A. ("Eurofinsa"), a Spanish construction company, and its former client, the Gabonese Republic ("Gabon"). On January 17, 2025, this Court issued a Memorandum Opinion and separate Order entering judgment in favor of Petitioner Eurofinsa. Eurofinsa now moves for an order of attachment and execution pursuant to 28 U.S.C. § 1610(c). It argues that Respondent Gabon received proper notice under 28 U.S.C. § 1608(e) and that a reasonable time has elapsed such that it may seek to attach Gabon's assets to aid in the execution of the judgment. The Court agrees with Eurofinsa, and for the reasons below, grants its motion for relief under § 1610(c).

### II. FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2020, Eurofinsa obtained an arbitral award (the "Award") resulting from Gabon's failure to fulfill its contractual obligations.[1] Award 22899/DDA, Ex. A to Pet. to

---

[1] Because Gabon has not appeared in this action, the Court relies on Eurofinsa's account of the facts.

Recognize & Enforce Arbitral Award ("Ex. A"), ECF No. 1-4; Pet'r's Mem. Supp. Mot. to Authorize Attach. & Execution ("Pet'r's 1610 Mot.") at 1, ECF No. 34.  The Award ordered Gabon to pay Eurofinsa over 12 million euro plus interest.  Pet'r's 1610 Mot. at 1; Ex. A.  To date, Gabon has not paid any portion of the Award.  Pet'r's 1610 Mot. at 2.

Eurofinsa initiated this enforcement action on October 11, 2023.  *Id.* at 1.  After Gabon failed to respond, Eurofinsa requested that the Clerk of Court enter default against Gabon pursuant to Federal Rule of Civil Procedure 55(a).  Mot. Entry Default, ECF No. 16.  The Clerk entered default on February 16, 2024.  Clerk's Entry Default, ECF No. 17.  Eurofinsa then moved for default judgment, which this Court granted on January 17, 2025.  *Eurofinsa, S.A. v. Gabonese Republic* ("*Eurofinsa I*"), No. 23-3013, 2025 WL 1575704, at *1 (Jan. 17, 2025).  Eurofinsa now moves to authorize attachment and execution under 28 U.S.C. § 1610(c).  Pl.'s Mot. Order Authorizing Attach. & Execution, ECF No. 33.  Gabon has yet to enter an appearance or otherwise participate in this action.

### III.  LEGAL STANDARD

Under 28 U.S.C. § 1610(c), where a litigant seeks to attach the property of a foreign state located in the United States, such attachment is not permitted "until the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter."  A description of the specific property against which attachment or execution is sought "'is not required.'"  *Warmbier v. Democratic People's Republic of Korea*, No. 18-977, 2019 WL 11276677 at *1 (D.D.C. Apr. 9, 2019) (quoting *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011)).  A § 1610(c) order serves only to determine that (a) "any notice required under § 1608(e)

2

has been given" and that (b) "a reasonable period of time has elapsed following entry of judgment." *Id.* (quoting *Baker*, 810 F. Supp. 2d at 101–02).

## IV.  ANALYSIS

### A.  Notice Pursuant to 1608(e)

First, Eurofinsa provided proper notice to Gabon pursuant to § 1608(e).  That provision provides that "[a] copy of any . . . default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. § 1608(e).  These service procedures are found in § 1608(a), which "prescribes four methods of service, in descending order of preference." *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008).  The four methods of service are (1) "special arrangement for service between the plaintiff and the foreign state or political subdivision;" (2) service "in accordance with an applicable international convention on service of judicial documents;" (3) service "by sending a copy of the summons and complaint and a notice of suit" including translations "into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned;" or (4) service

> by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).  The plaintiff must "attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on." *Ben-Rafael*, 540 F. Supp. 2d at 52.

Eurofinsa followed § 1608(a)'s procedures. The first two methods of service under § 1608(a) do not apply because no special arrangement for service exists between Eurofinsa and Gabon, *see* Mot. Default J. ¶ 11, ECF No. 18-1, and the United States has no treaty relations with Gabon that provide for service in civil matters, *see id.*; *VAMED Mgmt. und Serv. Gmbh v. Gabonese Republic*, No. 22-cv-3737, 2024 WL 1092232, at *3 (D.D.C. March 13, 2024) (finding the same). Eurofinsa was therefore entitled to serve Gabon using the third method, which directs sending the relevant documents "together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(3). Here, the Clerk of the Court mailed the necessary documents, via DHL, to the Minister of Foreign Affairs in Gabon on February 14, 2025. Certificate of Clerk, ECF No. 31. Service of the judgment was effective when Gabon received and signed for the documents on February 24, 2025. Aff. of Serv., ECF No. 32; *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 38 (D.D.C. 2016) (finding that service via DHL complied with § 1608(a)(3)). Because Eurofinsa provided notice to Gabon in accordance with § 1608(a)(3), Eurofinsa satisfied the notice requirement under § 1610(c).

### B. Reasonable Period of Time Elapsed

Second, a reasonable period of time has elapsed since the judgment, which satisfies the requirements of 28 U.S.C. § 1610(c). The statute does not specify what constitutes a "reasonable time," leaving the decision to the Court's discretion. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16-cv-0661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (citing *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015)). As Eurofinsa notes, the reasonable time requirement exists because "foreign sovereigns act through their bureaucracies

4

and if the foreign government intends to pay the judgment, it should be given time to do so." Pet'r's 1610 Mot. at 4; *see Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001).

When making this determination, a court should consider the procedures the foreign state must take to pay the judgment, evidence that the foreign state is attempting to pay the judgment, and evidence that the foreign state is attempting to evade its obligation. *See Ned Chartering*, 130 F. Supp. 2d at 67; H.R. REP No. 94-1487, at 30 (1976). Under this guidance, this Court and others in this district (and elsewhere) have determined that a period of three months typically satisfies the reasonable time requirement under § 1610(c); even periods as short as six weeks have been considered reasonable. *See, e.g.*, *Crystallex Int'l. Corp.*, 2017 WL 6349729, at *1 (finding two months reasonable); *Warmbier*, 2019 WL 11276677, at *2 (finding three and one-half months reasonable); *Owens*, 141 F. Supp. 3d at 9 (finding three months reasonable); *Ned Chartering*, 130 F. Supp 2d at 67 (finding six weeks enough time for governments to take necessary internal steps to pay judgment, thus reasonable under § 1610(c)); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. 01-cv-0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (finding seven weeks reasonable).

On January 17, 2025, this Court granted a default judgment and ordered Gabon's payment of the Award. *Eurofinsa I*, 2025 WL 1575704, at *1. More than four months have passed since entry of judgment against Gabon, *see id.*, and it has been over four years since the arbitral award was originally issued, *see* Ex. A. Assuming, *arguendo*, the date Gabon was provided notice of the judgment (February 24, 2025) governs, three months have passed, and this Court finds that three months fits well within what courts have determined constitutes a reasonable time under § 1610(c). Aff. of Serv.

Additional factors support this conclusion.  As described above, courts are more likely to find a reasonable time has elapsed where no evidence of an attempt to pay judgment is offered.  *See, e.g.*, *Warmbier*, 2019 WL 11276677, at *2 (finding three and one-half months sufficient "particularly . . . where North Korea has made no efforts to satisfy the judgment"); *Owens*, 141 F. Supp. 3d at 9 (finding three months a reasonable time "[i]n the absence of any evidence that defendants are making efforts to pay the[ ] judgment[ ] voluntarily"); *Ned Chartering*, 130 F. Supp. 2d at 64 (finding six weeks appropriate absent evidence of action from defendant).  Gabon has failed to proffer any evidence of its efforts to pay the judgment and has not participated in this litigation, *see* Notice Gabonese Rep. Failure Oppose Mot. Default J., ECF No. 24; *Eurofinsa I*, 2025 WL 1575704 at *1, thus bolstering the conclusion that a reasonable time has passed.  As such, a reasonable period of time has elapsed since entry of judgment to satisfy the requirement under § 1610(c).

## V.  CONCLUSION

For the foregoing reasons, the Court finds that notice was properly given to Respondent under § 1608(e) and that Gabon has had a reasonable time since it received that notice.  Accordingly, the Court will grant Petitioner's motion to attach Respondent's assets pursuant to § 1610(c).  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 11, 2025                                                                    RUDOLPH CONTRERAS
                                                                                                           United States District Judge